IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SOUTH EAST ENTERPRISE GROUP    *
LLC, *et al.*,
                               *
        Plaintiffs,
                               *
vs.                                    CASE NO. 4:15-cv-25 (CDL)
                               *
JOHN GILL, *et al.*,
                               *
        Defendants.
                               *
_____

## O R D E R

Michael Gill, who is already a Defendant in this action, filed a motion to "intervene" in this action in his capacity as an authorized representative of Multi Marts Corp. and Order of the IAL, Inc., both of whom are already Plaintiffs in this action. But Gill does not seek to assert claims in a representative capacity; he seeks to have Multi Marts and Order of the IAL assert claims on their own behalf. He argues that he is the only person authorized to make decisions on their behalf and that those persons directing their actions in this litigation have no such authority. The problem with Gill's present motion is that it in substance seeks to have an existing party "intervene" in the present action. Gill provided no authority for this curious interpretation of Rule 24 of the Federal Rules of Civil Procedure. And the Court can find no

basis for such a contrived interpretation of the rule. Accordingly, the motion to intervene (ECF No. 33) is denied.

This ruling does not prevent Michael Gill from asserting any claims or defenses that he wishes to assert on his own behalf in this action.  It also does not mean that no remedy exists for someone in Gill's position to force a corporation to assert claims that its current alleged officers and representatives refuse to assert.  But Rule 24 is not the procedural device to accomplish that objective when the corporation is already a party to the action.


IT IS SO ORDERED, this 21st day of April, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA