IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SOUTH EAST ENTERPRISE GROUP    *
LLC, *et al.,*

       *

      Plaintiffs,

       *

vs.                      CASE NO. 4:15-cv-25 (CDL)

       *

JOHN GILL, *et al.,*

       *

      Defendants.

       *

O R D E R

     Plaintiffs served subpoenas duces tecum on Defendant Loren Gill's former attorney, Tommy James and his law firm. Defendants moved to quash the subpoenas claiming that the information sought is protected by attorney-client privilege. As discussed below, the Court finds that by disavowing an admission included in pleadings in a prior action that were prepared by James based upon information arguably supplied to him by Gill, Gill has partially waived the attorney client privilege. Accordingly, to the extent described in the remainder of this Order, Defendant's Motion to Quash (ECF No. 65) is denied.

     Plaintiffs seek all writings that are communications from Loren Gill to anyone in Mr. James's firm relating to "whether Wallace Whitten was or was not a trustee of the Gill Family Cornerstone Trust [] which communications were made by Loren

Gill for the purposes of being used either verbatim or in substances as an allegation in any pleading filed on behalf of Loren Gill or Elm Leasing, LLC by [Mr. James's] law firm in any case." Defs.' Mot. to Quash Subpoena Ex. A, ECF No. 65-1 at 6. Plaintiffs also seek all writings that "relate to or mention . . . whether Wallace Whitten was a trustee of the Gill Family Cornerstone Trust." *Id.* And Plaintiffs seek testimony on these matters from Mr. James and his firm's records custodian. *Id.* at 5, 12.[1]

Defendants argue that the information sought is protected by the attorney-client privilege. Plaintiffs contend that Loren Gill waived the privilege by disavowing an admission in pleadings that his prior attorneys filed on his behalf. In *Eastern Property Development, LLC v. Gill*, Loren Gill's Answer and Counterclaim stated: "[Wallace] Whitten does not serve as a trustee of the Cornerstone Trust[.]" *Eastern Prop. Dev. LLC v. Gill*, Answer & Countercl. 5 ¶ 4, ECF No. 18 in 4:11-cv-62 (M.D. Ga. July 25, 2011); *Eastern Prop. Dev. LLC v. Gill*, Am. Answer & Countercl. 6 ¶ 4, ECF No. 44 in 4:11-cv-62 (M.D. Ga. Oct. 18, 2011). Loren Gill now contends that Wallace Whitten actually was a trustee of the Cornerstone Trust until he died in 2015 and that Whitten had authority to approve certain actions taken by

---

[1] Plaintiffs originally also sought communications regarding the ownership of Elm Leasing, LLC, but they abandoned that request.

Loren Gill that are at issue in this lawsuit.   L. Gill Dep. 42:12-43:14, ECF No. 76.   When asked about the discrepancy at a recent deposition, Loren Gill stated that his prior lawyers got it wrong and that he "didn't have a chance to proofread" the pleadings in the prior action.  *Id.* at 116:1-117:24.

The attorney-client privilege "protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance."  *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994).  As the Court recently observed, however, the privilege "is not sacrosanct" and may be waived.   *Barker v. Columbus Reg'l Healthcare Sys., Inc.*, No. 4:12-cv-108, 2014 WL 4287744, at *1 (M.D. Ga. Aug. 29, 2014).   A party "waives the privilege if it injects into the case an issue that in fairness requires an examination of otherwise protected communications."   *Cox*, 17 F.3d at 1419.   For example, if a party asserts that he did not have the requisite criminal intent because he thought his actions were legal based on a consultation with his attorney, then he "inject[s] the issue of [his] knowledge of the law into the case and thereby waive[s] the attorney-client privilege." *Id.; accord Barker*, 2014 WL 4287744, at *3-*4.   In a similar vein, if Loren Gill now wishes to disavow the admission made in his prior pleadings by arguing that his attorneys got the facts wrong,    then    fairness    requires    an    examination    of    his

communications with those attorneys regarding the information they collected from Loren Gill to prepare the pleadings. Gill cannot be allowed to take the position that he never provided the information upon which the factual statement in his pleadings was based while also hiding behind attorney client privilege to prevent discovery of whether his present position is true or not.[2]

Based on the foregoing, Defendants' Motion to Quash (ECF No. 65) is denied as follows. Plaintiffs may obtain all writings that are communications from Loren Gill to anyone in Mr. James's firm relating to whether Wallace Whitten was a trustee of the Gill Family Cornerstone Trust that were made for the purpose of being used in pleadings filed on Loren Gill's behalf. Plaintiffs may also obtain any writings related to whether Wallace Whitten was a trustee of the Cornerstone Trust. And Plaintiffs may obtain testimony from Mr. James and his records custodian on these matters.[3]

---

[2] Of course, if Loren Gill does not disavow his previous admission, then any communications with his attorneys regarding it would be protected by attorney-client privilege, and there would be no grounds for finding waiver.

[3] To the extent Plaintiffs seek any opinion work product prepared by Mr. James or his law firm, Defendants object based on the attorney work-product privilege. Plaintiffs did not respond to this objection and did not argue that they have a substantial need for the materials and an inability to secure the substantial equivalent without undue hardship, so the Court's ruling does not require disclosure of any "opinion work product" that include the attorneys' mental impressions. For example, if Mr. James evaluated the facts and law and through the exercise of professional judgment had the impression that Whitten was

IT IS SO ORDERED, this 28th day of September, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

not a trustee and he wrote a memo to that effect, then the memo would
be considered work product and could only be disclosed upon a showing
of substantial need.  If, however, Mr. James simply wrote on a piece
of paper, "Loren Gill told me Whitten not a trustee," then that note
would not be work product and would be discoverable under the limited
circumstances presented in this case as the memorialization of an
attorney-client communication for which the privilege has been waived.